Brown, J.
The plaintiff’s right to recover depends solely upon the validity of the assignment. If the provisions of the statute relative to assignments for the benefit of creditors were fulfilled, the title to the property in question passed to the assignee ; and at the time of the levy the debtor had no interest therein upon which the levy could attach.
It is provided, in section 2 of the Act of 1877,* that “ any assignment made by a debtor of his estate ” “ shall be in writing, shall be duly acknowledged, and shall be recorded in the clerk’s office of the county wherein such debtor resided, or carried on his business, at the date thereof. The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in, or at the end of, or endorsed upon the assignment before the same is recorded and if separate from the assignment, shall be duly acknowledged.”
The deed of assignment to the plaintiff, was signed and acknowledged by him, but it does not contain, in express words, an acceptance upon his part, of the trust; but on February 17, the plaintiff signed a separate paper, expressing his assent to accept the trust created by said assignment, and having acknowledged the same, it was recorded in the clerk’s office of Orange county, February 19.
The defendant claims that the; deed of assignment does' not express the assent of the assignee, and that the assignment is therefore invalid ; and the assignee acquired no title to the property.
If this claim is sound, I do not think the defect was *332 cured by the execution of the assent of February 17. The assignment had been recorded on January 21, and it will be observed that the statute requires the assent to “ appear in writing before the assignment is recorded.” It is difficult to see, how, in the face of this provision, an assent executed after the assignment was recorded, could be a compliance with the statute.
While there is no legal objection to the assent being upon a separate paper, still it is clearly the intention of the law that the assent, when executed, shall be attached to the deed of assignment, so that both papers shall substantially constitute one instrument, and be recorded together.
In view of the very plain provision of the law that the assent must be executed and attached to the assignment before it is recorded, the execution of the paper of February 17, could not cure the omission in the deed, assuming one to exist.
We come, therefore, to the single question in the case. Does the assent of the assignee appear in writing, embraced in the assignment ?
The deed of assignment in this case is an indenture. It purjmrts on its face to be an agreement or contract between the assignor and the assignee. It recites a consideration paid by the assignee to the assignor, and it conveys all the assign- or’s property to the assignee, upon the trusts therein stated, and it is signed, sealed and acknowledged by both parties.
What is the legal character or effect of such an instru-' ment ?
There are two kinds of deeds known to the law—deeds poll, and indenture. “ The word indenture is used to describe a deed to which two or more persons are parties, and in which these enter into reciprocal and corresponding obligations towards each other; whereas a deed poll is properly one in which only the party making it executes it, or binds himself by it as a deed.” 3 Washb. Real Prop. 310, 311.
“ All the parts of a deed indented in judgment of law-do make up but one deed, and any part is of as great force *333 as all the parts together, and they are esteemed the mutual deeds of either party, and either party may be bound by either part of the same. And albeit they be spoken of as the words of one party only, yet they a/renot his words alone, but may be applied to the other party if they do more properly belong to him ; for any word that is doubtful shall be applied and expounded to be spoken by him to whom they shall best agree according to the intent of the parties.... This deed is the strongest kind of deed of the two: for this worketh an estoppel, i. e., doth bar and conclude either party to say or except anything contained in it.” Sheppard’s Touchstone, 52 and 53.
Interpreted by this definition the assignment is to be read as the deed of each party, and its language is to be taken, not as that of the assignor alone, but is to be applied to either party to whom it may properly belong. It constitutes, therefore, an agreement or contract between the parties named in it, by which the assignor conveys to the assignee all his property, upon the trusts named, and the assignee agrees to execute that trust. The covenant upon the part of the assignee to execute the trust is not only implied from the execution of the paper to him, but is the very essence of the contract itself ; and it, therefore* fulfills, in the strongest manner possible, the requirements of the statute that his assent shall appear in writing, and shall be embraced in the assignment.
His assent to the assignment, or in other words, his acceptance of the trust, is one of the obligations on his part assumed by the contract.
None of the cases cited by the plaintiff’s counsel are applicable to the question involved in this action, for in none of them does the fact appear, as it does here, that the deed of assignment was a mutual,contract, sealed and executed by both parties.
It may be assumed, as all the cases hold, that the provision of the statute, that the assignment shall be in writing, shall be duly acknowledged, and shall contain the assent of *334 the assignee, are mandatory, and unless literally complied with, the assignment is invalid, and no title passes to the assignee. Still a valid assignment may be made in different ways. It is not essential to its validity that the assignee shall sign and execute the deed of assignment. The assignment may be by deed poll, in which case the assignee must sign and acknowledge in some other form his assent to or acceptance of the trust.
But when the deed of assignment is a mutual contract, as here, and contains covenants on the part of the assignee to execute and carry out the trust, and is signed, scaled and acknowledged by both parties, any further assent is wholly unnecessary, because the assignee is estopped from denying his acceptance of the trust, and because his assent is the final determination and conclusion which the law draws from the assignment itself.
There was, therefore, no failure to comply with the law in the execution of the assignment in question ; and it follows that at the time the sheriff levied upon the property, Lawson had no title.
The plaintiff must, therefore, have judgment.

 Ch, 466; Same statute, 3 R. S. (7 ed.) 2276.